Luis Santaella et al., Petitioners and Appellants, v. Lucía Purón Marcos et al., Respondents and Appellees.

No. 8167. Argued May 1, 1942.—Decided June 10, 1942.

*Orlando J. Antonsanti* for appellants. *R. Díaz Collazo* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

This is a contempt proceeding for a violation of the writ of injunction referred to in the opinion delivered today under the same caption hereof (*ante*, p. 539).

The plaintiffs in the preceding case No. 8216 of this court filed in the lower court, on June 21, 1939, a motion for the issuance of an order directed to the defendants to show cause why they should not be punished as for contempt. The violation of the writ consisted in that, according to the plaintiffs, after the final writ of injunction in the main proceedings had been issued and served, the defendants went on with the work of plastering the north and west walls of the building involved in the case and located less than three meters from the front lines of the lot, and besides they made in said walls new openings, building frames and placing windows therein, all in open violation of the writ of injunction.

After the rule to show cause had been issued, the defendants appeared and filed an answer denying the facts charged against them, and after hearing evidence for both parties the court, on June 24, 1939, acquitted the defendants of contempt and issued to that effect the following order:

"The court, after weighing the evidence for both parties, finds that the defendants have not violated the writ of injunction issued herein and, therefore, denies the motion for contempt filed by the plaintiffs and sets aside the restraining order issued."

However, from the testimony of the witnesses Rafael Queipo and José M. Canals for the plaintiffs and appellants and of the witness Enrique de J. Tizol, architect and contractor of the work, who testified for the defendants and appellees, it conclusively appears that after the issuance of the writ of injunction and service thereof on the defendants, the latter, in disobedience thereof, proceeded with the work to which we have already referred. In this connection the engineer José M. Canals testified thus:

" . . . . that between May 30, 1939, and June 23, 1939, the shape of the building in question had been altered, window frames had been built and openings and windows which had not previously existed had been made, molds had been removed and walls had been plastered; that on the west side of the building facing Miramar Street filled walls had been built starting at the west side of the building facing Miramar Street and extending to the side of the lot adjoining the sidewalk of said street; that prior thereto he had viewed said work on several occasions and had not noticed the constructions above referred to."

The following excerpt is taken from the testimony of Mr. Tizol:

" . . . . to the question whether he remembered having stated that after finishing up the plastering inside he was going to plaster outside and set up windows, doors, and frames, he answered in the affirmative and that he had done it in agreement with the attorney; that he had built windows in the walls looking on Miramar Avenue; to the question whether the wall was there on June 7, 1939, he answered in the negative, that it was placed there last week; on being shown photographs marked 'Exhibits 13 and 14' and asked whether that was the stage of the building now, the witness answered that it was, pointing out where the wall stood; photographs taken on May 30 were shown to him and on being asked to state whether such was the stage of the building at the time, he answered in the affirmative and explained that when the work was in that stage—refer-

ring to photographs taken on May 30—everything was quite finished; that upon receipt of the order of the court to the effect that no work could be executed within three meters he then pulled down all the molds and that Mr. Antonsanti passed by there and made no objection; that he then cleared the front of the building and that he did not realize at that time the import of the judgment; that the frames had been made outside the building and that by May 30 all the frames were in place in the openings of the windows. He was shown a photograph taken on May 30, especially of that part thereof showing the fourth floor, and on the fact being called to his attention that it only showed two openings, he stated that they were hidden by the molds and explained that at that time the openings existed but that the molds had not been removed."

It is unquestionable from the above evidence that the defendants violated the final writ of injunction issued on June 9, 1939, and served on them on that same day. This being so, the appeal must be sustained, the judgment appealed from, which was rendered by the District Court of San Juan, must be reversed, and the case remanded to the district court where the same originated for the rendition of a judgment punishing the defendant as for contempt.

Mr. Chief Justice Del Toro and Mr. Justice Todd, Jr., did not participate herein.